WRIGHT, J.
to the jury. 'The plaintiff complains that the defendant agreed to construct a house for him in a workmanlike manner, without anything being expressly stipulated to that effect. Iff he contract to build a chimney, the legal effect of the contract is-that he shall employ in the work sufficient skill, and construct the-chimney according to the received rules of the art he professes to-practice, in order to effect the desired end, which is to carry off the smoke. That end may not always be reached, even in the ordinary method. Smoke left to itself will ascend perpendicularly; but it is liable to be diverted by obstructions, and by currents and eddies of air. It is claimed by the defendant that masons have no rule off 231] Constructing chimney flues, and that these flues were of akind. which carried smoke in some places, and therefore the defendant was not liable, because the Avork was done according to the usage-of the trade. It is submitted to you to say upon the eA'idence if it be true, that in the structure of chimnies there is no rule of the trade or art. Is -that true as to any calling ? Gan any trade be- *235 carried on without some rules for its government ? If so, what does the apprentice learn, or the master teach, as the reward for the service of the apprentice ? What is the difference between the master workman, and the mere tyro? I have said the mechanic undertakes to bring to the performance of his work the requisite skill of his profession, and if he do not, and fail, he is liable for the consequences. In this case, the obligation was to build these chimnies skilfulty, according to the approved usage of the trade. You will inquire, has he done so, or has he so negligently performed the work, that it was useless for the purpose for which it was intended? If there has been a failure in the instance before you, owing to the negligence or want of skill of the defendant, he is responsible to the plaintiff for the damage incurred in altering the chimnies, the loss of rent, the discomfort he has suffered, and the expense of obtaining redress.
If, on the other hand, you find this work done skilfully, or according to the plaintiff’s direction, he is not entitled to a verdict, but must bear the loss himself. The questions before you are to be decided solely upon the evidence, without reference to the situation or character of the parties, or to out-of-door rumors. With these you have nothing to do.
The jury were out from eight P. M. until the noon of the next day without being able to agree, and were then discharged.